MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent.
The issue in this case is whether the rule articulated in Ulmen v. Schwieger (1932), 92 Mont. 331, 12 P.2d 856, should be adhered to in Montana. That rule is stated correctly in the majority opinion and, paraphrased, the rule insulates an independent contractor from liability occurring after the contractor has completed work and returned control to the owner. Summary judgment was granted to defendant because this rule was still in existence and bound the trial court. In my opinion the rule should be discarded and the modern rule developed which allows for the liability of an independent contractor to continue for a reasonable period of time. In this case it continued for one year pursuant to the terms of the contract.
The majority evaded the issue raised by the parties and, instead, made the following factual determination dispositive:
“The single issue of fact upon which Fauerso contends he may pin liability for Fauerso’s injuries on Maronick is the contention that Maronick, through its employees, took down or removed a ‘dead-end street’ sign that would have been situated on Derrickson’s right-hand side as he drove south on Lamborn, the sign being a half block or more north of the retaining wall into which Derrickson’s automobile collided.”
Plaintiff was not required to show that defendant, acting through its employees, took down the sign. On the contrary, the contract specifically imposed a far greater obligation on the defendant. Section 5.11, Preservation of Private and Public Property, provided in part as follows:
“The Contractor shall be responsible for the preservation of all public and private property, along and adjacent to the project contemplated by this contract, including without *114 limitation, all trees, fences, curbs, posts, structures. . .”
There is evidence in the record that this sign was taken down during construction. It makes no difference whether the sign was removed by the defendant. The contract imposed an absolute obligation upon the defendant, charging defendant with responsibility for preserving signs along and adjacent to the project.
The following deposition testimony makes a factual issue with respect to the sign coming down during the construction period:
Dr. Loren McKerrow:
“. . .(the sign) was taken down when the street was widened and the Special Improvement District put in the curbs and streets and all. . .
“Q. Was it lying down right where it had been initially; it hadn’t been moved?
“A. Oh, I think a few feet away from where it originally was. I think they had to move it back to widen the streets and put in the curbs to it was moved in a ways from where the actual curb was then placed.” (McKerrow depo. p. 5, 1. 11-19; p. 7, 1. 19-24).
The principle that all of the evidence must be viewed in the light most favorable to the one against whom summary jugment was granted, is too well settled to even require supportive citational authority. Here there is evidence from which a jury could find that the sign came down during the construction period. Defendant assumed a contractual obligation to reestablish the sign following completion of the work. The jury could find that defendant failed in this regard.
I would overrule Ulmen v. Schwieger, supra, and adopt the modern rule which would allow this case to go to the jury.